122 N.J. Super. 181 (1973)
299 A.2d 750
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MARIO MOLINARO, ROCCO CICCHETTI, PETER JOSEPH VERDICCHIO, EMANUEL MONTALBANO, AND MICHAEL MAURIELLO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1973.
Decided January 25, 1973.
Before Judges CARTON, MINTZ and CRAHAY.
*182 Mr. John A. Brogan, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. Michael A. Querques argued the cause for respondent Montalbano (Messrs. Querques, Isles & Weissbard, attorneys).
Mr. John P. Russell argued the cause for respondents Molinaro, Verdicchio and Mauriello (Messrs. Russell & McAlevy, attorneys for respondent Molinaro; Messrs. Herrmann & Blasi, attorneys for respondents Verdicchio and Mauriello).
Mr. Frank A. Paglianite filed a statement in lieu of brief for respondent Rocco Cicchetti.
PER CURIAM.
We granted leave to the State to appeal from an interlocutory order 177 N.J. Super. 276, granting defendants' motions to suppress evidence obtained through the interception of telephonic communications by the New Jersey State Police under the New Jersey Wiretapping and Electronic Survelliance Control Act, N.J.S.A. 2A:156A-1 et seq. The telephonic interceptions were made pursuant to appropriate orders authorizing same.
In essence the trial judge found that the State violated the mandate of N.J.S.A. 2A:156A-12(f), which provides that interceptions be conducted in such a manner as to minimize or eliminate the interception of such communications not otherwise subject to interception under this act. Consequently, the trial judge held that all incriminating conversations should be suppressed. Subsequent to that determination our Supreme Court dealt with the precise issue in State v. Dye, 60 N.J. 518 (1972), cert. den. 409 U.S. 1090, 93 S.Ct. 699, 34 L.Ed.2d 675 (1972).
In Dye the court alluded to the instant case, noting that it was under review, and that while it would not follow any *183 portion of it which conflicts with its holding, it reserved consideration thereof until faced with the appeal to that court.
We have carefully reviewed Dye, and conclude that it is dispositive of the issue before us.
Reversed.